IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-073 |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| STATE OF GEORGIA; JUDGE DANIEL | ) | |
| CRAIG; DISTRICT ATTORNEY | ) | |
| RYNE COX; and PUBLIC DEFENDER | ) | |
| ANDREW WILLIAMS, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Coffee Correctional Facility in Nicholls, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Richmond County, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[1] The Court **DIRECTS** the **CLERK** to update the docket to reflect there is only one Defendant Cox, as indicated in the above caption. (See doc. no. 19, pp. 2, 5, 13, 14.)

relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F. 3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they

have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 19, pp. 9-10.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

## II.  DISCUSSION

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated he had not filed other lawsuits in state or federal court dealing with the same facts as this action or any cases in state or federal court relating to the conditions of his imprisonment. (Id.) However, the Court is aware of at least one other case Plaintiff filed dealing with the same facts: Horry v. United States, Case No. 5:23-cv-131-TES-CHW (M.D. Ga. Apr. 14, 2023).[2] In this Middle District case, Plaintiff sought release via a writ of mandamus based on his allegedly wrongful arrest and conviction in Richmond County, and he alleged a conspiracy amongst the appointed attorneys representing him, the District Attorney's office that prosecuted him, and the Judges who presided over his criminal proceedings. That case was dismissed because the federal district court lacks jurisdiction to compel a state official to release a state inmate via a writ of mandamus. Id., doc. no. 7. Although Plaintiff now seeks monetary damages, he

---

[2]Plaintiff also separately filed a federal habeas corpus case regarding his underlying state criminal proceedings which was dismissed and is currently on appeal before the Eleventh Circuit Court of Appeals. Horry v. Walker, CV 123-053 (S.D. Ga. May 1, 2023), *appeal filed* No. 23-12363-H (11th Cir. July 19, 2023). Plaintiff did not disclose this habeas corpus case.

again alleges numerous errors by multiple law enforcement officials, attorneys, and judges involved in his state criminal proceedings. (See generally doc. no. 19.)

Not only did Plaintiff fail to disclose he had filed a case dealing with the same facts, but he failed to disclose he had filed any other federal cases relating to the conditions of his imprisonment, save one: Horry v. Tripplet, Case No. 4:23-cv-123 (M.D. Ga. May 30, 2023). (Doc. no. 19, p. 10.) However, the Court is aware of another case which currently pends in this District: Horry v. Kemp, CV 123-064 (S.D. Ga. May 18, 2023) (alleging illegal traffic stop led to Plaintiff's arrest and "current wrongful conviction status" and "the false imprisonment since the unlawful arrest" has caused pain and suffering). Indeed, this other pending case arguably should also have been disclosed as dealing with the same facts as this case because Plaintiff is challenging the basis for his current incarceration.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F.

App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v.

Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

For the sake of completeness, the Court notes the crux of Plaintiff's claims is that he is currently incarcerated because law enforcement officers, prosecutors and public defenders, as well the judges of the superior court, engaged in a conspiracy to deprive him of his constitutional protections during his underlying criminal proceedings, which led to his wrongful conviction. (See generally doc. no. 19.) Plaintiff seeks damages for the pain and suffering caused by his allegedly illegal incarceration, as well as the damage caused to his business while he has been incarcerated. (Id. at 16.) Claims barred by Heck v. Humphrey, 512 U.S. 477 (1994), do not accrue unless and until Plaintiff's conviction or sentence has been invalidated. See Krocka v. Hillsborough Cnty. Sheriff's Office, 761 F. App'x 895, 901 (11th Cir. 2019) (*per curiam*) (citing Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (*per curiam*)). Thus, if his conviction is overturned in the future, it appears Plaintiff may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

In any event, Plaintiff's vague and conclusory allegations of a conspiracy will not suffice. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007); Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient

6

where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed." (citations omitted)).  Also, Plaintiff's request for monetary damages against Superior Court Judge Daniel Craig is barred by judicial immunity.  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority."  Rehberg v. Paulk, 566 U.S. 356, 363 (2012).  Moreover, Defendant Cox enjoys immunity for his prosecutorial actions.  "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'"  Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  Finally, Defendant Williams, as a public defender, is "not a state actor[] for purposes of § 1983."  Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)).  Thus, Plaintiff's claims that rest entirely on the actions of Defendant Williams taken as a public defender are not sufficient.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 11th day of September, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA