```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

| | |
|---|---|
| DARREL HORRY, | * |
| Plaintiff, | * |
| v. | *    CV 123-073 |
| UNITED STATES OF AMERICA; STATE OF GEORGIA; JUDGE DANIEL CRAIG; DISTRICT ATTORNEY RYNE COX; and PUBLIC DEFENDER ANDREW WILLIAMS, | * |
| Defendants. | * |

## ORDER

Before the Court are Plaintiff's motion for reconsideration (Doc. 24), "Motion to Recall Mandate" (Doc. 25), and motion for status (Doc. 26). Because Plaintiff's "Motion to Recall Mandate" requests the Court "recall" the Court's October 16, 2023 Order and "reopen his complaint for further investigation," the Court construes it as a motion for reconsideration. For the following reasons, Plaintiff's motions are **DENIED**.

### I. MOTIONS FOR RECONSIDERATION

Plaintiff moves the Court to reconsider its October 16, 2023 Order adopting the United States Magistrate Judge's Report and Recommendations (Doc. 20) and dismissing his case (Doc. 22). (Doc. 24, at 1; Doc. 25, at 1.) "Reconsideration of a previous order is

an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling." (citations omitted)). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger

King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. "[I]f a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 . . . ." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Plaintiff filed his initial motion for reconsideration three days after the Court's October 16, 2023 Order; thus, the Court analyzes the motions under Rule 59(e). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff does not provide any argument there has been a change in controlling law or that new evidence is available. See Schiefer, 2007 WL 2071264, at *2. Rather, Plaintiff seemingly relies on the need to correct clear error or prevent manifest injustice. (Doc. 24, at 1); Schiefer, 2007 WL 2071264, at *2. Plaintiff asks the Court to reconsider adopting the Magistrate Judge's recommendation that his case be dismissed due to his failure to honestly report his filing history because he "never provided dishonest information[;] he simply failed to attach additional pages fully disclosing his litigation history." (Doc. 24, at 1.) Plaintiff represents his failure to fully disclose his litigation history was not intentional but was the result of him inadvertently failing to attach documents detailing his filing history. (Id.) Plaintiff also states "[t]he [C]ourt[] should take note that the Plaintiff[']s initial [c]omplaint contained no errors" and his "initial filing did acknowledge his filing of a [m]andamus and [h]abeas [c]orpus containing the same facts." (Id.) However, these representations by Plaintiff are dishonest.

In filing his initial complaint, Plaintiff was asked whether he had previously "filed other lawsuits in state or federal court dealing with the same facts involved in this action." (Doc. 1, at 13.) Plaintiff answered "no." (Id.) For each of the follow-up questions asking Plaintiff to describe his filing history, Plaintiff answered "N/A." (Id. at 13-14.) Although Plaintiff

4

indicated he mailed a writ of habeas corpus and a writ of mandamus to the United States District Court for the Northern District of Georgia, he did not indicate whether these matters dealt with the same facts as the instant lawsuit. (Id. at 16.) Plaintiff provided the same responses to these questions in his amended complaint. (Doc. 19, at 8-9.)[1] But, as the Magistrate Judge pointed out, Plaintiff has in fact filed other cases dealing with the same facts as the present action and other federal cases related to the conditions of his imprisonment that Plaintiff failed to disclose. (Doc. 20, at 3-4.) For these reasons, reconsideration of the Court's October 16, 2023 Order is unnecessary to correct clear error or prevent manifest injustice. See Schiefer, 2007 WL 2071264, at *2. As a result, Plaintiff's motions for reconsideration (Docs. 24, 25) are **DENIED**.

## II. MOTION FOR STATUS

On December 19, 2023, Plaintiff filed a motion for status, requesting the Court to provide him an update on the status of his "Motion to Recall Mandate." (Doc. 26, at 1.) Because the Court has now ruled on Plaintiff's "Motion to Recall Mandate," Plaintiff's motion for status is **DENIED AS MOOT**.

---

[1] In his amended complaint, Plaintiff indicated he filed another lawsuit related to the conditions of his imprisonment in the United States District Court for the Middle District of Georgia while the present action was pending. (Doc. 19, at 9-10.)

5

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 24) and "Motion to Recall Mandate," construed as a motion for reconsideration (Doc. 25), are **DENIED**, and Plaintiff's motion for status (Doc. 26) is **DENIED AS MOOT**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA